# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ANTHONY MURFF v. DAVID MILLS, WARDEN, WEST TENNESSEE STATE PENITENTIARY

**Direct Appeal from the Circuit Court for Lauderdale County**

**No. 5892    Joe H. Walker, Judge**

**No. W2004-02210-CCA-R3-HC  - Filed January 28, 2005**

The Petitioner, Anthony Murff, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to allege a ground entitling him to habeas corpus relief, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Anthony Murff, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On March 16, 2001, the Lauderdale County Circuit Court entered a judgment approving the jury's verdict finding the Petitioner Anthony Murff guilty of one count of especially aggravated robbery and imposing a sentence of sixty years confinement.  On August 11, 2004, the Petitioner filed a petition seeking habeas corpus relief.  As grounds for relief, Petitioner asserted that the trial court lacked jurisdiction to enter the judgment because  the judgment was not signed by the trial court clerk and that the judgment failed to run in the name of the State of Tennessee. The trial court summarily dismissed the petition on August 16, 2004.  The Petitioner timely filed a notice of appeal document.  The Petitioner is currently incarcerated in Lauderdale

County, Tennessee.

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

Petitioner argues that Tennessee Constitution Article VI, Section 12 requires judgments to run in the name of the State of Tennessee and to be signed by the clerk of the court. The State has responded that neither allegation raised by Petitioner constitute a valid ground for the issuance of a writ of habeas corpus. In support of its position, the State relies upon *Kenneth B. White v. State*, No. M2003-02833-CCA-R3-HC, 2004 WL 2387508, *1 (Tenn. Crim. App., at Nashville, Oct. 26, 2004). In *Kenneth B.White*, a panel of this Court determined that a judgment form is a "final process" and not an "original process" referenced in Tennessee Constitution Article VI, Section 12. *Kenneth B. White v. State*, No. M2003-02833-CCA-R3-HC, 2004 WL 2387508, at * 2 (citation omitted). Accordingly, this Court concluded that the form of a judgment was not dictated by Article VI, Section 12 of the Tennessee Constitution. *Id.* The trial court used the required judgment form in this case and the judgment form complies with Rule 32(e), Tennessee Rules of Criminal Procedure. Petitioner's argument that the judgment is void because it was not signed by the clerk and did not run in the name of the State of Tennessee is not well-taken and does not constitute a ground for habeas corpus relief.

Petitioner has failed to present any evidence establishing that his sentence has expired or that his conviction is void. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Tennessee Court of Criminal Appeals.

_____

J.C. MCLIN, JUDGE
